IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRENDA S. MIMBS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:14-cv-177 (MTT) (CHW) |
| | : | |
| CAROLYN W. COLVIN, | : | Social Security Appeal |
| Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Brenda S. Mimbs's application for benefits. In accordance with the analysis below, it is **RECOMMENDED** that Plaintiff's case be **REMANDED** to the Commissioner pursuant to "sentence four" of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff applied for Title II and Title XVI benefits in September 2009, alleging disability due to neck, back and knee pain; insomnia; anxiety; depression; and mental limitations. Plaintiff's applications were denied initially and on reconsideration, (R. 55–58), and a hearing was held before a reviewing administrative law judge ("ALJ") on May 2, 2012. (R. 30–53). At that hearing, Plaintiff argued that her physical symptoms were significantly aggravated by, and that her mental symptoms arose from, an automobile accident that allegedly occurred in 2006. (R. 31–32, 45–49). In her unfavorable opinion, though, the ALJ determined that: (i) no objective records indicated that the alleged automobile accident actually occurred, (R. 20), and that (ii) records from Dr. Elizabeth Coleman, a consultative psychologist who found that Plaintiff

1

suffered from potentially disabling mental limitations, were both internally inconsistent and inconsistent with the behavior displayed by Plaintiff at her administrative hearing. (R. 20). The Appeals Council denied review in Plaintiff's case in March 2014, (R. 1–3), and Plaintiff now seeks review before this Court, arguing that the ALJ erred by: (1) improperly discounting the opinion of Dr. Arimah, a treating physician, (2) failing to adequately consider evidence that Plaintiff suffers from medication side effects, and (3) failing to adequately assess whether Plaintiff in fact suffers from mental limitations resulting from injuries sustained in the alleged 2006 automobile accident. Because the ALJ did not properly assess both Plaintiff's alleged mental limitations and Dr. Coleman's opinion, it is recommended that the Court remand Plaintiff's case for a reevaluation of the evidence.

## STANDARD OF REVIEW

Judicial review of a decision of the Commissioner of Social Security is limited to a determination of whether that decision is supported by substantial evidence, as well as whether the Commissioner applied the correct legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence" is defined as "more than a scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Eleventh Circuit has explained that reviewing courts may not decide the facts anew, reweigh the evidence, or substitute their judgment for that of the Commissioner. *Id.* Rather, if the Commissioner's decision is supported by substantial evidence, that decision must be affirmed even if the evidence preponderates against it.

## EVALUATION OF DISAIBLITY

Social Security claimants are "disabled" if they are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled: "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel*, 631 F.3d at 1178 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v)).

## DISABILITY EVALUATION IN THIS CASE

Following the five-step sequential evaluation process, the reviewing ALJ made the following findings in this case. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2007, her alleged onset date. (R. 14). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "degenerative joint disease of the right knee," and "bipolar disorder." (R. 14). The ALJ also found that Plaintiff suffered from the following non-severe impairments: cognitive disorder secondary to traumatic brain injury, post-traumatic stress disorder, acute episodic bronchitis/sinusitis, cervical degenerative disc disease resulting in lower back pain, migraines, insomnia, and obsessive compulsive disorder. (R. 15).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the severity of one of the listed impairments. (R. 15). Therefore, the ALJ assessed Plaintiff's RFC and determined that Plaintiff could perform:

> [L]ight work . . . with exceptions. The claimant should never climb ladders, ropes or scaffolds. The claimant is able to perform occasional kneeling, crawling and stooping. The claimant is able to perform frequent balancing and crouching, and frequently climb ramps or stairs. She can perform simple routine tasks and should work in a low-stress job, defined as having only occasional changes in the work setting.
>
> (R. 16)

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a cleaner. (R. 21). The ALJ also made alternative step-five findings, though, and found that Plaintiff could perform the requirements of representative occupations such as "Laundry Sorter," "Bakery Worker," and "Agricultural Sorter." (R. 22). As a result of these findings, the ALJ determined that Plaintiff was not "disabled" within the meaning of the Social Security Act.

## ANALYSIS

Although Plaintiff raises three grounds for relief, a remand is warranted on only one of those grounds: that the ALJ failed to adequately assess whether Plaintiff in fact suffers from mental limitations resulting from injuries sustained in an alleged 2006 automobile accident. Another way of phrasing this same ground is whether "substantial evidence" supports the ALJ's decision to discount the opinion of Dr. Elizabeth Coleman, Ph.D., a consultative psychologist who opined on April 22, 2010, that Plaintiff would "quickly become delusional with stress," "appeared . . . to have severe memory deficits," and "would have a difficult time working with

4

the public on a regular [basis] due to her irritability, memory impairment and lack of stability." (R. 224).

Before addressing Plaintiff's mental-impairment argument, this Recommendation will briefly address Plaintiff's two other, unpersuasive arguments. First, Plaintiff argued that the ALJ erred by discounting an April 2, 2012 questionnaire completed by Dr. George Arimah, M.D., Plaintiff's treating physician. (R. 464–68). Although the opinions of treating physicians are normally entitled to "substantial or considerable weight," they may be discounted for "good cause," which exists when "the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).

In this case, the ALJ adequately articulated good cause for discounting Dr. Arimah's opinion. Specifically, the ALJ found that "the severity of limitations expressed by Dr. Arimah [was] not consistent with his own treatment notes, the overall objective medical evidence of record, or most of the findings from the consultative internal medical exam at Exhibit 5F." (R. 19). Substantial evidence supports the ALJ's characterization of the evidence. As noted by the ALJ, the findings listed by Dr. Arimah in his questionnaire—that Plaintiff, due to her neck, back and knee pain, could only walk 2-3 city blocks without rest or severe pain, could only continuously sit for 2 hours and stand for 30 minutes, and could only sit for 4 hours and stand for 2 hours in total during an 8-hour workday—are not consistent with Dr. Arimah's treatment notes, which consistently show that Plaintiff had a normal gait, performed well on straight leg tests, and managed her pain reasonably well with only conservative treatment. (R. 260–66, 419, 423). Furthermore, and again as noted by the ALJ, Dr. Arimah's April 2012 questionnaire differs

5

drastically from the other medical evidence in the record, particularly the findings of Dr. Bryon Watson, M.D., who performed a consultative examination in June 2010 and determined that Plaintiff had normal strength in both her proximal and distal lower extremities, had a normal gait, did not use an assistive device for walking, and had normal scores on all range-of-motion tests. (R. 242–49). Because these records constitute "substantial evidence" in support of the ALJ's decision to discount Dr. Arimah's questionnaire, Plaintiff's first ground for relief does not warrant a remand.

Plaintiff's second ground for relief, that the ALJ failed to consider evidence of Plaintiff's medication side effects, also does not warrant a remand. The ALJ specifically noted that records from the River Edge Behavioral Health Center indicated that Plaintiff, when she was able to take her medication, reported no side effects. (R. 18). The ALJ also expressly noted that although Dr. Arimah indicated, in his April 2012 questionnaire, that the "sedating effect" of Plaintiff's medication would "interfere with her attention and concentration," (R. 468), Dr. Arimah's actual treatment records show no signs that Plaintiff complained of medication side effects. (R. 19). *See Colon ex rel. Colon v. Comm'r*, 411 F. App'x 236, 238 (11th Cir. 2011) ("Substantial evidence supports the ALJ's decision to discredit Mr. Colon's complaints as they related to medication side effects: none of Mr. Colon's doctors reported any side effects from his medications, and he did not complain to them of any side effects"). Plaintiff cites to an administrative disability report in which she claimed to suffer from the side-effect of "drowsiness," (Doc. 13, p. 18; R. 181), but the ALJ expressly discounted Plaintiff's credibility in her opinion, and Plaintiff did not challenge this credibility ruling in her briefs. In summary, because the ALJ correctly noted that no evidence suggests that Plaintiff complained of medication side effects to her doctors, and

because substantial evidence supports the ALJ's adverse credibility ruling, Plaintiff's second ground for relief also fails to provide a basis for altering the Commissioner's decision below.

Although Plaintiff's treating-physician and medication-side-effects arguments do not warrant a remand, Plaintiff's third argument, related to her mental impairment, does. The ALJ found that Plaintiff did not suffer from potentially disabling mental limitations for two reasons, neither of which is supported by the record. First, the ALJ improperly discounted the opinion of Dr. Elizabeth Coleman, Ph.D., a consultative psychologist who indicated that Plaintiff suffered from memory loss, that she might become delusional under stress, and that she would have difficulty interacting with the public. In discounting Dr. Coleman's findings, the ALJ stated:

> I give little weight to the . . . opinion from Dr. Coleman that is not only internally inconsistent with finding that the claimant "confabulated" certain information during the evaluation, but is also inconsistent with the claimant's presentation at the hearing wherein she demonstrated no difficulty with memory, no mania, no difficulty following questions, no need for redirection, and no delusions.

(R. 20)

This treatment of Dr. Coleman's opinion by the ALJ is deficient for two reasons. First, the ALJ appears to have impermissibly "played doctor," substituting her own opinion for that of a trained medical professional. *See, e.g.*, *Marbury v. Sullivan*, 957 F.2d 837, 840 (11th Cir. 1992) (Johnson, Senior Judge, specially concurring). Specifically, insofar as the ALJ discounted Dr. Coleman's findings based on the fact that, in the ALJ's opinion, Plaintiff did not display any of the symptoms of her alleged mental limitations at the administrative hearing, the ALJ exceeded the bounds of her authority and expertise. *See, e.g.*, *Wilson v. Heckler*, 734 F.2d 513, 517–18 (11th Cir. 1984) (condemning so-called "sit-and-squirm jurisprudence"). The ALJ's treatment of Dr. Coleman's opinion is also deficient because the ALJ appears to have assumed, incorrectly, that merely because Plaintiff "confabulated" some of the information provided to

Dr. Coleman, that Dr. Coleman's report was entirely or substantially unreliable. As Plaintiff notes, (Doc. 16, pp. 3–4), this assumption ignores the fact that Dr. Coleman is a trained, experienced professional capable of detecting and reporting malingering or confabulation, and of correspondingly adjusting her findings. Because nothing in Dr. Coleman's opinion suggests that Dr. Coleman was incapable of exercising her independent professional judgment, there was no basis to conclude, as the ALJ did, that Dr. Coleman's opinion was in fact "internally inconsistent." In other words, the ALJ's decision to discount Dr. Coleman's opinion is not supported by substantial evidence.

Aside from Dr. Coleman's opinion, the ALJ's evaluation of Plaintiff's alleged mental limitations is also deficient for second reason: that the ALJ overstated the importance of Plaintiff's alleged 2006 automobile accident. Although, as the ALJ noted, (R. 20), no objective records indicate that Plaintiff was actually involved in an automobile accident in 2006, the critical inquiry in this social security disability case is whether or not Plaintiff suffers from disabling mental limitations, not whether Plaintiff suffers from mental limitations as a result of a particular accident on a particular date.[1] Additionally, while Plaintiff's inability to prove that she was actually involved in an automobile accident in 2006 may impugn her credibility, the the Court must be mindful that Plaintiff claims to have suffered a traumatic brain injury, the symptoms of which include memory loss.

In summary, the lack of objective evidence suggesting that Plaintiff was involved in an automobile accident in 2006 does not constitute "substantial evidence" in support of the conclusion that Plaintiff does not suffer from potentially disabling mental limitations. Furthermore, because the ALJ did not adequately assess Dr. Coleman's opinion, and because a

---

[1] Although the ALJ noted that Plaintiff may have been involved in an automobile accident in 1997, (R. 18, 462), the ALJ does not appear to have considered whether Plaintiff simply reported the date of her accident incorrectly.

proper assessment of Dr. Coleman's opinion is critical to the outcome of this case, it is recommended that the Court remand to the Commissioner for a reevaluation of the evidence.

## CONCLUSION

After a careful consideration of the record, it is **RECOMMENDED** that Plaintiff's case be **REMANDED** to the Commissioner. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 15th day of April, 2015.

                                                s/ Charles H. Weigle_____
                                                Charles H. Weigle
                                                United States Magistrate Judge